1  DALE N. JOHNSON
2  MALCOLM C. McLELLAN
   VAN NESS FELDMAN, LLP
3  719 SECOND AVENUE, SUITE 1150
   SEATTLE, WA 98104
4  T: 206-623-9372
5

6

7              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF WASHINGTON
8

9  BLOCKTREE PROPERTIES, LLC, a
   Washington limited liability company;
10 CORSAIR INVESTMENTS WA, LLC,
11 a Washington limited liability company;    No. 2-18-cv-00390-RMP
   CYTLINE, LLC, a Delaware limited
12 liability company; 509 MINE, LLC, a        DEFENDANTS' MOTION FOR
13 Washington limited liability company;       SUMMARY JUDGMENT
   MIM INVESTORS, LLC, a Washington
14 limited liability company; MINERS
15 UNITED, LLC, a Washington limited
   liability company; MARK VARGAS,           Noted for:
16 an individual; and, WEHASH               June 27, 2019 at 10:30 AM
17 TECHNOLOGY, LLP, a Washington            With Oral Argument
   limited liability company,
18
19                     Plaintiffs,
20
        vs.
21
22 PUBLIC UTILITY DISTRICT NO. 2
   OF GRANT COUNTY,
23 WASHINGTON, a Washington
24 municipal corporation; TERRY
   BREWER, individually and in his
25

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - i

**Van Ness Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1  official capacity; BOB BERND,
   individually and in his official capacity;
2  DALE WALKER, individually and in
   his official capacity; TOM FLINT,
3  individually and in his official capacity;
   LARRY SCHAAPMAN, individually
4  and in his official capacity; and DOES
   1-10, managers and employees of Grant
5  County PUD, individually and in their
6  official capacities,

7

8                          Defendants.

9                   **TABLE OF CONTENTS**

10

11  I.   INTRODUCTION AND BACKGROUND ...........................................1

12  II.  SUMMARY JUDGMENT STANDARD .................................................3

13  III. ARGUMENT .......................................................................................3

14      1.   Plaintiffs are not entitled to relief under the Washington
15           statutes governing rate making. ..........................................................3

16           a.   District rates established by the Commission are
17                presumed to be reasonable. ..................................................4

18           b.   The Commission's adoption of RS 17 was not
19                arbitrary or capricious. ...........................................................5

20           c.   The Commission has not unlawfully delegated its
21                authority.....................................................................................9

22      2.   Plaintiffs are not entitled to relief under the United States
23           Constitution.................................................................................10

24           a.   Plaintiffs' dormant Commerce Clause claim is
                  meritless.......................................................................10

25

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - ii



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

      b.    Plaintiffs have no claim under the Due Process Clause of the United States Constitution. .............................13

      c.    Plaintiffs have no valid claim for damages or fees under 42 U.S.C. §§ 1983 and 1988. ......................................20

   3.   The District has not violated the Washington Constitution. ..........21

      a.    Washington case law is clear that ratemaking is a legislative act to which state procedural due process does not attach. .......................................................................21

      b.    Plaintiffs have no substantive due process claim under the Washington Constitution.......................................22

      c.    The District has not violated the privileges and immunities clause of the Washington State Constitution. ..........................................................................23

   4.   Defendants have no claim for injunctive relief for an alleged violation of internal policies.............................................26

   5.   Section 20 of the Federal Power Act does not apply. ....................28

IV.  CONCLUSION.........................................................................................30

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - iii

**Van Ness
Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

# TABLE OF AUTHORITIES

**Cases**

Ace Fireworks Co. v. City of Tacoma,
  76 Wash.2d 207 (1969) ................................................................ 6

Am. Fuel & Petrochemical Mfrs. v. O'Keeffe,
  903 F.3d 903 (9th Cir. 2018) ..................................................... 11

Am. Legion Post No. 149 v. Dep't of Health,
  164 Wash.2d 570 (2008) ........................................................... 25

Ark. Elec. Coop. Corp. v. Ark. Pub. Serv. Comm'n,
  461 U.S. 375 (1983) ........................................................... 12, 13

Armendariz v. Penman,
  75 F.3d 1311 (9th Cir. 1996) ..................................................... 18

Assoc. of Wash. Spirits & Wine Distribs. v. Wash. State Liquor
  Control Bd.,
  182 Wash.2d 342 (2015) ...................................................... 23, 24

Bd. of Regents of State Colleges v. Roth,
  408 U.S. 564 (1972) .................................................................. 14

Beechwood Dev. LLC, v. Olympus Terrace Sewer Dist.,
  2005 WL 1950255 (W.D. Wash. 2005) ...................................... 19

Brown–Forman Distillers Corp. v. N.Y. State Liquor Auth.,
  476 U.S. 573 (1986) .................................................................. 10

Chinatown Neighborhood Ass'n v. Harris,
  794 F.3d 1136 (9th Cir. 2015) ................................................... 10

City of Tacoma v. Taxpayers of City of Tacoma,
  108 Wash.2d 679 (1987) ............................................................. 5

Crown Point Dev., Inc. v. City of Sun Valley,
  506 F.3d 851 (9th Cir. 2007) ..................................................... 19

Dep't. of Revenue of Ky. v. Davis,
  553 U.S. 328 (2008) .................................................................. 10

Earle M. Jorgenson Co. v. City of Seattle,
  99 Wash.2d 861 (1983) ............................................. 5, 15, 21, 22

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - i

**Van Ness
Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

Faxe v. City of Grandview,
   48 Wash.2d 342 (1956) ................................................................ 22, 25

Foss v. Nat'l Marine Fisheries Serv.,
   161 F.3d 584 (9th Cir. 1998) ...................................................... 14

Friends of the Columbia Gorge, Inc. v. Wash. State Forest Practices
   Appeals Bd.,
   129 Wash. App. 35 (2005) ............................................................ 6

Gen. Motors Corp. v. Tracy,
   519 U.S. 278 (1997) .................................................................... 13

Geneva Water Corp. v. City of Bellingham,
   12 Wash. App. 856 (1975) ............................................................ 25

Grant Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake,
   150 Wash.2d 791 (2004) .............................................................. 24

Halverson v. Skagit Cty.,
   42 F.3d 1257 (9th Cir. 1994) ...................................................... 15

Harris v. Hornbaker,
   98 Wash.2d 650 (1983) ................................................................ 22

Hillis Holmes, Inc. v. Pub. Util. Dist. I.,
   105 Wash.2d 288 (1986) ............................................................ 3, 4

Huron Portland Cement Co. v. Detroit,
   362 U.S. 440 (1960) .................................................................... 13

Irvin Water Dist. No. 6 v. Jackson P'ship,
   109 Wash. App. 113 (2001) .......................................................... 4

Isla Verde, Int'l Holdings, Inc. v. City of Camas,
   146 Wash.2d 740 (2002) ............................................................... 7

Kawaoka v. City of Arroyo Grande,
   17 F.3d 1227 (9th. Cir. 1994) ...................................................... 19

Lincoln Shiloh Assoc. Ltd. v. Mukilteo Water Dist.,
   45 Wash. App. 123 (1986) ............................................................ 4

Murray v. Shanks,
   27 Wash. App. 363 (1980) ............................................................. 9

Nielson v. Wash. State Dep't of Licensing,
   177 Wash. App. 45 (2013) ...................................................... 21, 23

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - ii

**Van Ness Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

Nunez v. City of Los Angeles,
   147 F.3d 867 (9th Cir. 1998) ..................................................... 18

Ockletree v. Franciscan Health Sys.,
   179 Wash.2d 769 (2014) ........................................................... 24

Ore. Waste Sys., Inc. v. Dep't of Envtl. Quality,
   511 U.S. 93 (1994) .................................................................... 11

Phinney Bay Water Dist. v. City of Bremerton,
   58 Wash.2d 298 (1961) ............................................................. 22

Pike v. Bruce Church, Inc.,
   397 U.S. 137 (1970) ........................................................... 11, 12

Pub. Util. Comm'n of the State of Cal. v. United States,
   356 F.2d 236 (9th Cir. 1966) ............................................... 14, 15

Pub. Util. Dist. No. 2 of Pacific Cty. v. Comcast of Wash. IV, Inc.,
   184 Wash. App. 24 (2015) .......................................... 3, 4, 5, 6

Puget Sound Crab Ass'n v. Wash. Dep't. of Fish and Wildlife,
   174 Wash. App. 572 (2013) ......................................................... 8

Ralph v. City of Wenatchee,
   34 Wash.2d 638 (1949) ............................................................. 24

Rios v. Dep't of Labor & Indus.,
   145 Wash.2d 483 (2002) ............................................................. 6

Rocky Mountain Farmers Union v. Corey,
   730 F.3d 1070 (9th Cir. 2013) ................................................... 11

Samson v. City of Bainbridge Island,
   683 F.3d 1051 (9th Cir. 2012) ................................................... 14

Sellers v. Iowa Power & Light Co.,
   372 F. Supp. 1169 (S.D. Iowa 1974) ......................................... 15

Shanks v. Dressel,
   540 F.3d 1082 (9th Cir. 2008) ................................................... 14

Snohomish Cty. Pub. Util. Dist. No. 1 v. Broadview Television Co.,
   91 Wash.2d 3 (1978) ................................................................... 5

South Dakota v. Wayfair, Inc.,
   138 S.Ct. 2080 (2018) ......................................................... 10, 11

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - iii

**Van Ness
Feldman** llp

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

State ex rel. Rosenberg v. Grand Coulee Dam Sch. Dist. No. 301 J,
    85 Wash.2d 556 (1975) ............................................................ 9

State of Wash. v. Shelton,
    194 Wash. App. 660 (2016) .................................................... 23

Teter v. Clark Cty.,
    104 Wash.2d 227 (1985) ..................................................... 6, 8

UFO Chuting of Hawaii, Inc. v. Smith,
    508 F.3d 1189 (9th Cir. 2007) ............................................... 12

United States v. Salerno,
    481 U.S. 739 (1987) .............................................................. 19

Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n,
    149 Wash.2d 17 (2003) ........................................................... 6

West v. Atkins,
    487 U.S. 42 (1988) ................................................................ 20

Wolff v. McDonnell,
    418 U.S. 539 (1974) .............................................................. 18


**Statutes**

16 U.S.C. § 813 ............................................................... 28, 29

42 U.S.C. § 1983 .................................................................. 10

42 U.S.C. § 1988 .................................................................. 10

RCW 54.16.040 ..................................................................... 4

RCW 54.24.080 ......................................................... 3, 4, 6, 12

RCW 54.25.080 ..................................................................... 3


**Other Authorities**

McQuillin: 12 The Law of Municipal Corporations § 21:19 (3rd ed. 2017) .................................................................................. 26

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - iv

**Van Ness**
**Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1

*New York Power Auth. v. Power Auth. of the State of New York*, Project No. 2000-036, 2003 WL 22422346 (F.E.R.C. Oct. 23, 2003) ............................................................................... 29

2

U.S. Const. amends. XIV, § 1, V ................................................... 14

3

Washington State Constitution, Article I, Section 3, 12 ................... 21, 23, 24

4

5

*Yakima Nation v. Pub. Util. Dist. No. 2 of Grant Cty., Wash.*, 2002 WL 31990298 (F.E.R.C. Nov. 21, 2002) ...................................... 28

6

7

**Rules**

8

Fed. R. Civ. P. 56(a) ....................................................................... 3

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - v

**Van Ness Feldman** LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

# I.    INTRODUCTION AND BACKGROUND

The Defendants hereby move for summary judgment on each claim set forth in Plaintiffs' complaint.    The factual background of this case is recounted in Defendants' Response to Plaintiffs' Motion for Preliminary Injunction, ECF No. 37, and in the Statement of Material Facts Not in Dispute accompanying this Motion for Summary Judgment.[1] In light of the undisputed facts, Defendants are entitled to judgment as a matter of law.

Public Utility District No. 2 of Grant County, Washington (the "District"), is a municipal corporation organized under Title 54 of the Revised Code of Washington ("RCW"). ECF No. 37 at 9:4–5. The District provides electric power to Grant County residents. ECF No. 37-6 ¶ 5.1.  In 2016, the District's total retail electric load was 521.29 MW. Declaration of

---

[1] Pursuant to LCR 10(c) Defendants will not unnecessarily refile previously filed pleading, exhibits, or documents, and shall, to the extent practicable, incorporate those documents by reference. For the Court's ease of reference, Defendants, through the Declaration of David Churchman, have refiled some of the most germane documents.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 1



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

David Churchman ("Churchman Decl.") ¶ 6.6 attached hereto. In the summer of 2017, the District began to receive an unprecedented number of service inquiries from the cryptocurrency industry. Churchman Decl. ¶ 7.1; ECF No. 37-6 ¶ 6.1. These inquiries requested approximately 1500 MW of new electric load. Churchman Decl. ¶¶ 7.2–7.3; ECF No. 37-6 ¶ 6.1. The District was not prepared to meet this unanticipated demand. ECF No. 37-6 ¶ 6.1; *see also* Churchman Decl. ¶¶ 7.5–7.6. In response, the District undertook an effort to assess the impacts, system improvements, and costs associated with providing the additional service. Churchman Decl. ¶¶ 7.5, 7.7–7.17, and referenced exhibits; ECF No. 37-6 ¶ 6.3; ECF No. 37-4 ¶¶ 4.1–4.6.

Following consideration of district staff ("Staff") analysis, public comment, and extensive deliberations, on August 28, 2018 the District's elected Board of Commissioners (the "Commission") established Rate Schedule 17 ("RS 17"), the subject matter of this litigation. Churchman Decl. ¶¶ 7.5, 7.7–9.8, and referenced exhibits; ECF No. 37-6 ¶¶ 6.1–8.11, and referenced exhibits. RS 17 created the Evolving Industry Customer Class ("EI Class") and the associated rates for the EI Class. Churchman Decl. Exs. 5, 6; ECF No. 37-6, Ex. 9 at 111–14.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 2



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.    ARGUMENT

Plaintiffs assert eight separate causes of action challenging RS 17. *See generally*, ECF No.1. Each of these claims fails as a matter of law.

### 1.    Plaintiffs are not entitled to relief under the Washington statutes governing rate making.

Plaintiffs argue that adoption and implementation of RS 17 violates RCW 54.24.080, which provides that "rates and charges shall be fair and . . . nondiscriminatory, and shall be adequate to provide revenues sufficient" to cover the debt service costs and other costs of the District. Wash. Rev. Code § 54.25.080; ECF No. 1. ¶¶ 9.1–10.7. Rates established by a public utility district pursuant to this authority are presumed to be reasonable. *Hillis Holmes, Inc. v. Pub. Util. Dist. I.*, 105 Wash.2d 288, 300 (1986). To overcome this presumption, Plaintiffs must demonstrate that the Commission's actions were arbitrary and capricious. *Pub. Util. Dist. No. 2 of Pacific Cty. v. Comcast of Wash. IV, Inc.*, 184 Wash. App. 24, 45 (2015).

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 3



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Plaintiffs cannot meet this high burden. Similarly, Plaintiffs' argument that the Commission improperly delegated ratemaking to District Staff is without merit—no delegation occurred.

a. **District rates established by the Commission are presumed to be reasonable.**

The elected Commission's adoption of RS 17 was a lawful exercise of its authority under RCW 54.24.080 and RCW 54.16.040, which provide the elected Commission the "full and exclusive" authority to set rates. Wash. Rev. Code. § 54.16.040.

Decisions made by elected officials of a municipal corporation are presumptively reasonable. *See, e.g., Lincoln Shiloh Assoc. Ltd. v. Mukilteo Water Dist.*, 45 Wash. App. 123, 129 (1986) (citing *Hillis Holmes*, 105 Wash.2d at 300 (charges of a municipal water district are "presumptively reasonable")). Plaintiffs bear the burden to show that the rates are invalid. *See, e.g., Hillis Homes*, 105 Wash.2d at 300; *Irvin Water Dist. No. 6 v. Jackson P'ship*, 109 Wash. App. 113, 127 (2001).

More specifically, a Commission's decisions are entitled to deference when the Commission acts pursuant to its statutory mandate. *Pub. Util. Dist. No. 2 of Pacific Cty.*, 184 Wash. App. at 45 ("[w]here 'municipal utility

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 4

100784



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

actions come within the purpose and object of the enabling statute and no express limitations apply,' it is proper to leave 'the choice of means used in operating the utility to the discretion of municipal authorities.'") (*quoting City of Tacoma v. Taxpayers of City of Tacoma*, 108 Wash.2d 679, 695 (1987). This is in part due to the "public accountability of elected officials." *Earle M. Jorgenson Co. v. City of Seattle* (*Earle*), 99 Wash.2d 861, 868 (1983) (citing *Snohomish Cty. Pub. Util. Dist. No. 1 v. Broadview Television Co.*, 91 Wash.2d 3, 9 (1978)).

**b. The Commission's adoption of RS 17 was not arbitrary or capricious.**

Reviewing courts can only overturn a Commission's rate determination if it is the product of arbitrary or capricious decision making. *Pub. Util. Distr. No. 2 of Pacific Cty.,* 184 Wash. App. at 45.  Where the statute simply directs the elected Commission to adopt rates that are fair and reasonable, Washington courts apply a deferential arbitrary and capricious standard. *Id.* at 46 (stating that it was proper to "limit [] review of the District's nonrate terms and conditions to determining whether they were arbitrary and capricious"). In contrast, where a statute provides specific requirements of how rates should be calculated, the reviewing court will look

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

to see if the commission complied with those requirements. *Id.* at 73. RCW

54.24.080 contains no such requirements.

Here, Plaintiffs have the heavy burden to establish that the elected

Commission's actions were arbitrary and capricious. They must show that

the adoption and implementation of RS-17 was "willful and unreasoning

taken without regard to the attending facts or circumstances," and that there

was no support for the action. *Wash. Indep. Tel. Ass'n v. Wash. Utils. &*

*Transp. Comm'n*, 149 Wash.2d 17, 26 (2003) (quoting *Rios v. Dep't of Labor*

*& Indus.*, 145 Wash.2d 483, 501 (2002)) (internal quotations omitted).

Plaintiffs must show that there is no state of facts to justify the elected

Commission's determination. *Teter v. Clark Cty.*, 104 Wash.2d 227, 235

(1985) ("A legislative determination will be sustained if the court can

reasonably conceive of *any* state of facts to justify that determination")

(emphasis in original) (citing *Ace Fireworks Co. v. City of Tacoma*, 76

Wash.2d 207, 210 (1969)). It is not enough for Plaintiffs to argue that the

elected Commission's actions could be done differently or improved.

*Friends of the Columbia Gorge, Inc. v. Wash. State Forest Practices Appeals*

*Bd.*, 129 Wash. App. 35, 57–58 (2005) ("Where there is room for two

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 6



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

opinions, action is not arbitrary or capricious when exercised honestly and upon due consideration.") (quoting *Isla Verde, Int'l Holdings, Inc. v. City of Camas*, 146 Wash.2d 740, 769 (2002) (internal quotations omitted)).

Plaintiffs cannot meet this burden. The record surrounding adoption of RS-17 reflects a deliberate and thorough process. The District's multidisciplinary team analyzed four potential solutions to address the cryptocurrency industry's electricity demand. Churchman Decl. ¶¶ 7.5–7.11. Ex. 2; ECF No. 37-4, ¶¶ 4.2–4.6; ECF No. 37-6, ¶ 7.1; ECF No. 32, Ex. 24 at 457–71. On April 24, 2018, Staff presented to the Commission the White Paper, which included a detailed analysis of why creation of a new rate class was the best approach. Churchman Decl. Ex. 2; ECF No. 32-1 Ex. 2 at 457–71. Another memorandum (the "June 20, 2018 Memo") was presented to the Commission on June 26, 2018. Churchman Decl. Ex. 4; ECF No. 37-6, Ex. 6 at 90–97. The June 20, 2018 Memo detailed the criteria for the EI Class; adjustments based on stakeholder input; and research used to develop EI Class criteria. *Id.* On August 10, 2018, Staff developed yet another memorandum (the "August 10 Memo"), which presented four different proposals for phasing in RS 17 to the Commission. Churchman Decl. Ex. 7;

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 7



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

ECF No. 37-6, Ex. 9 at 115–19. The August 10 Memo was presented to the Commission at the meeting on August 14, 2018—when Staff presented their final recommendation for RS 17. The District held at least nine public meetings pertaining to the development of RS 17 at which public comments were received. Churchman Decl. ¶¶ 8.4, 8.5, 9.1, 9.5, 9.7–9.8, and referenced exhibits. Throughout this process, the elected Commission sought and considered public comment, including from the cryptocurrency industry. Churchman Decl. ¶¶ 8.1–9.8, and referenced exhibits; ECF No. 37-6, ¶¶ 8.1–8.6. The analysis presented to and considered by the elected Commission clearly establishes a "practical basis for the rates." *Teter*, 104 Wash.2d at 237.

The Commission's conclusions are well founded and based on transparent and thorough decision making. Plaintiffs' dissatisfaction with the outcome of this process does not render it arbitrary or capricious. Nor does identification of a different, or even better approach. *Puget Sound Crab Ass'n v. Wash. Dep't. of Fish and Wildlife*, 174 Wash. App. 572, 587–89 (2013). This Court must reject Plaintiffs' invitation to substitute its judgment for that of the elected Commission. *State ex rel. Rosenberg v. Grand Coulee Dam*

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 8



Van Ness Feldman LLP

719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

*Sch. Dist. No. 301 J*, 85 Wash.2d 556, 563 (1975) (courts are not to substitute their judgment for decisions of public entities).

### c. The Commission has not unlawfully delegated its authority.

The Commission has not engaged in impermissible delegation by delegating its ratemaking authority to Staff as Plaintiffs assert. ECF No. 1 ¶ 9.4; *see also* Churchman Decl. Exs. 5, 8; ECF No. 37-6, Ex. 8 at 108–09. The Commission itself made the decision to include the cryptocurrency industry in the EI Class.  Churchman Decl. Exs. 5, 6, and 8; ECF No. 37-6, Ex. 9 at 111–14.  RS 17 provides that "no less than annually, a team composed of [ ] Staff will review the EI Rate Class to determine if it is appropriate for a customer's industry to move into, or out of the EI Rate Class."  Churchman Decl. Ex 5; ECF No. 37-6, Ex. 9 at 111–14.  Staff will conduct the annual analysis and present any recommendations for changes to the elected Commission for possible *Commission* action. Churchman Decl. Ex. 8; ECF No. 37-6, Ex. 8 at 108–09.  Such reliance on subordinates to gather facts and make recommendations does not run afoul of any limitations on delegation of authority.  *See Murray v. Shanks*, 27 Wash. App. 363, 366–67 (1980).  Accordingly, there has been no impermissible delegation here.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 9



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## 2.    Plaintiffs are not entitled to relief under the United States Constitution.

Plaintiffs are not entitled to the injunctive and declaratory relief, or damages under 42 U.S.C. § 1983, 1988, because the District did not violate the United States Constitution.

### a.  Plaintiffs' dormant Commerce Clause claim is meritless.

The "dormant" Commerce Clause is "driven by concern about 'economic protectionism—that is, regulatory measures designed to *benefit in-state economic interests by burdening out-of-state competitors*." *Dep't. of Revenue of Ky. v. Davis*, 553 U.S. 328, 337–38 (2008) (emphasis added). The Supreme Court has adopted a two-tiered approach to analysis of state economic regulation under the dormant Commerce Clause. *South Dakota v. Wayfair, Inc.*, 138 S.Ct. 2080, 2090–91 (2018); *Chinatown Neighborhood Ass'n v. Harris* (*Chinatown*), 794 F.3d 1136, 1145 (9th Cir. 2015).  First, "[i]f a state statute directly regulates or discriminates against interstate commerce, or its effect is to favor in-state economic interests over out-of-state interests, it is struck down [] without further inquiry." *Chinatown*, 794 F.3d at 1145 (*citing Brown–Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986)) (internal quotations omitted).  Second,

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 10



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

"[s]tate laws that 'regulat[e] even-handedly to effectuate a legitimate local public interest . . . will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.'" *South Dakota, Inc.*, 138 S. Ct. at 2091 (*quoting Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970)).

A state law violates the dormant Commerce Clause "if it discriminates against out-of-state economic interests (in either purpose or effect) or if it regulates conduct occurring entirely outside of a state's borders." *Am. Fuel & Petrochemical Mfrs. v. O'Keeffe*, 903 F.3d 903, 911 (9th Cir. 2018) (*citing Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1101–02 (9th Cir. 2013). RS 17 does neither. Churchman Decl. Ex. 6; ECF No. 37-6, Ex. 9 at 111–14.

The core of any facial discrimination claim under the dormant Commerce Clause is that the challenged law targets out-of-state entities for disparate treatment, i.e., "differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter." *Ore. Waste Sys., Inc. v. Dep't of Envtl. Quality*, 511 U.S. 93, 99 (1994). RS 17 occasions no such disparate treatment. Plaintiffs allege discrimination against

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 11



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

cryptocurrency businesses *located in Grant County* in favor of other electricity consumers located in Grant County. ECF No. 1 ¶¶ 5.3. This, even if true, does not infringe the dormant Commerce Clause. RS 17 does not—and indeed cannot—directly regulate out-of-state (or even out-of-county) interests; the District is only authorized to set retail rates for, and collect charges from, retail customers within its service territory. *See generally* Churchman Decl. Exs. 5, 6; ECF No. 37-6, Ex. 9 at 111–14; RCW 54.24.080.

A law that is not discriminatory on its face may nevertheless violate the dormant Commerce Clause if the "burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike*, 397 U.S. at 142; *see also UFO Chuting of Hawaii, Inc. v. Smith*, 508 F.3d 1189, 1196 (9th Cir. 2007). Here, no such burden exists. The District has an undisputed interest in ensuring that it can reliably provide electric service in its territory in the future. *See Ark. Elec. Coop. Corp. v. Ark. Pub. Serv. Comm'n (Ark. Elec.)*, 461 U.S. 375, 377, 394 (1983). The Supreme Court has repeatedly held that rate regulation is "well within the scope of legitimate local public interest," *Ark Elec.* 461 U.S. at 394, and the Commerce Clause does not

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 12



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

interfere with state regulation of gas and electric utilities.  *See Gen. Motors*

*Corp. v. Tracy*, 519 U.S. 278, 310 (1997); *Ark. Elec.*, 461 U.S. at 394–95.

Additionally, retail rate regulation that results in different rates for retail customers does not constitute discrimination within the meaning of the dormant Commerce Clause. *Gen. Motors Corp.*, 519 U.S. at 290–91 (1997). The legitimate pursuit of utility regulation is "compatible with the Commerce Clause, which was never intended to cut the States off from legislating on all subjects relating to the health, life, and safety of their citizens, though the legislation might indirectly affect the commerce of the country."  *Gen. Motors Corp.*, 519 U.S. at 306 (quoting *Huron Portland Cement Co. v. Detroit*, 362 U.S. 440, 443–44 (1960) (internal quotations omitted). Plaintiffs' dormant commerce clause claim has no merit.

**b. Plaintiffs have no claim under the Due Process Clause of the United States Constitution.**

Plaintiffs assert under the Fifth and Fourteenth Amendments of the United States Constitution that the District has deprived them of procedural and substantive due process protection. ECF No. 1 ¶ 6.7. These claims are unavailing. The Due Process Clause provides that no person "shall be deprived of life, liberty, or property without due process of the law." U.S.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 13



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1    Const. amends. XIV, § 1, V. Plaintiffs have not been deprived of any such

2    interest. Moreover, ratemaking is a legislative act, to which procedural due

3    process does not apply. *Pub. Util. Comm'n of the State of Cal. v. United*

4    *States*, 356 F.2d 236, 241–42 (9th Cir. 1966). In any event, Plaintiffs were

5    afforded due process, and even if their allegations were accepted as true they

6    cannot meet their burden to establish that such deprivation was manifestly

7
8    arbitrary and unreasonable. *Samson v. City of Bainbridge Island*, 683 F.3d

9    1051, 1058 (9th Cir. 2012).

10

11              *i.  Plaintiffs have no constitutionally protected interest to*

12                  *support a due process claim.*

13         The threshold for any due process claim is a constitutionally protected

14    interest. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008)

15    (substantive due process); *Foss v. Nat'l Marine Fisheries Serv.*, 161 F.3d

16    584, 588 (9th Cir. 1998) (procedural due process). Property interests are "not

17
18    created by the Constitution. Rather they are created and their dimensions are

19    defined by existing rules or understandings that stem from an independent

20    source such as state law—rules or understandings that secure certain

21
22    benefits." *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).

23
24

25    DEFENDANTS' MOTION FOR SUMMARY
      JUDGMENT - 14



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1    Plaintiffs have not identified any such constitutionally protected property

2    interest.

3        Plaintiffs allege a right to maintain their rates under RS 7; and, by

4    extension, a right to the economic value of their investments. ECF No. 1. ¶¶

5    6.2–6.3. Courts have, however, repeatedly held that a customer does not have

6    a constitutionally protected right in any given utility rate. *See, e.g.*, *Sellers v.*

7    *Iowa Power & Light Co.*, 372 F. Supp. 1169, 1172 (S.D. Iowa 1974)

8    (collecting cases). Plaintiffs' desire to maintain their existing utility rates and

9
10   the attendant economic benefits is not a constitutionally protected interest.
11
12                  *ii.  Establishment of RS 17 was a legislative act to which
13                       procedural due process does not attach.*
14
15       Procedural due process rights only attach when the deprivation results
16   from an adjudicatory, as opposed to legislative, process. *See Halverson v.*
17   *Skagit Cty.*, 42 F.3d 1257, 1261 (9th Cir. 1994). Both federal and state courts
18   have held that ratemaking is a legislative act. *Pub. Util. Comm'n of State of*
19   *Cal.*, 356 F.2d at 241–42; *Earle*, 99 Wash.2d at 867. Determinations about
20   what rate classes are subject to specific rates are an integral part of legislative
21   ratemaking.  *See Earle*, 99 Wash.2d at 867. The establishment of RS 17 and
22
23   the Commission's corresponding determination that the cryptocurrency
24
25
     DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT - 15



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1   industry is an Evolving Industry subject to RS 17, Churchman Decl. Exs. 5,

2   6; ECF No. 37-6, Ex. 9 at 111–14, comprised legislative action to which due

3   process does not attach.

4

5                    *iii. Plaintiffs were afforded adequate procedural*
                     *protections.*

6

7          Plaintiffs, although not constitutionally entitled to it, received both

8   notice and an opportunity to be heard in this case. It is undisputed that each

9   Commission meeting leading to the establishment of RS 17 was open to the

10  public, and the agenda, commission packet, and any presentation materials

11  were posted on the District's website as is standard District practice.

12
    Churchman Decl. ¶¶ 8.4–8.5, Ex. 10. There are also District maintained
13

14  distribution listservs, which provided notice of Commission meetings and

15  links to pertinent information. Churchman Decl. ¶ 8.4, Ex. 10. On October

16  24, 2017, Staff presented initial findings regarding cryptocurrency industry
17

18  electric demand and related issues to the Commission at an open public

19  meeting. ECF No. 37-6 ¶ 6.4, Ex. 2 at 27–58. The issues were further

20  addressed in an open meeting on April 24, 2018, a public workshop on May
21

22  7, 2018, and open meetings on May 8, 2018, June 26, 2018, July 10, 2018,

23

24

25

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 16



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

August 14, 2018, and August 28, 2018. Churchman Decl. ¶¶ 8.4–8.5; ECF No. 37-6 ¶¶ 7.2–8.6, and referenced exhibits.

Plaintiffs were on notice of the implications of the District's deliberations throughout this period. Discussion during public meetings made clear that the emerging policy was likely to apply to the cryptocurrency industry. Churchman Decl. ¶¶ 8.4–9.8, and referenced exhibits; ECF No. 37-6, Exs. 2, 3, 5; ECF No. 32-1 Ex. 42 at 565–614, Ex. 44 at 619–45. News releases posted after the June 26, 2018 meeting also identified the cryptocurrency industry as a potential evolving industry that could be subject to RS 17. Churchman Decl. Ex. 9; ECF No. 37-6 ¶ 8.1. Plaintiffs admit they are members of the cryptocurrency industry. ECF No. 25 at 11:8–10. Throughout the process, Plaintiffs and other representatives of the cryptocurrency industry commented on this potential classification. Churchman Decl. Exs.11–17; ECF No 37-6 ¶¶ 8.1–8.5; ECF No. 37-1, Ex. 1 at 5. The record is replete with comments from individual Plaintiffs, both oral and written, detailing their views on the creation of an EI Class and the cryptocurrency industry's inclusion in it. *Id.* The undisputed facts defy any suggestion that Plaintiffs lacked notice and opportunity to be heard during

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 17



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1    the Commission's consideration of RS 17. Plaintiffs knew what was

2    happening and made their views known. *Id.*

3                    iv.   *The District did not violate Plaintiffs' substantive due*
4                          *process rights.*

5            Substantive due process protects individuals from governmental

6
7    interference with fundamental rights and arbitrary action. *Wolff v.*

8    *McDonnell*, 418 U.S. 539, 558 (1974) ("The touchstone of due process is

9
10   protection of the individual against arbitrary action of government[.]"). In

11   order to prevail on a substantive due process claim Plaintiffs must prove: (1)

12   interference with a person's life, liberty, or property; and (2) the interference

13
14   was arbitrary government action that "shocks the conscience" or "interferes

15   with rights implicit in the concept of ordered liberty." *Nunez v. City of Los*

16   *Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).   As noted above, Plaintiffs

17
18   cannot establish that the District has infringed upon a constitutionally

19   protected right.   Plaintiffs simply allege that the District's action will render

20   "cryptocurrency businesses in Grant County uneconomic." ECF No. 1 ¶ 6.6.

21
22   "[T]he use of substantive due process to extend constitutional protection to

23   economic and property rights has been largely discredited." *Armendariz v.*

24   *Penman*, 75 F.3d 1311, 1318–19 (9th Cir. 1996) *overruled in part on other*

25
     DEFENDANTS' MOTION FOR SUMMARY
     JUDGMENT - 18



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

*grounds by Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856

(9th Cir. 2007). On this basis alone, Plaintiffs' substantive due process claim

fails as a matter of law.

Neither can Plaintiffs establish that the District's actions were

arbitrary. In order for a government action to be considered arbitrary, the

action must be so "unreasonable as to shock the conscience." *Beechwood*

*Dev. LLC, v. Olympus Terrace Sewer Dist.*, 2005 WL 1950255, at *3 (W.D.

Wash. 2005) (citing *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

Plaintiffs must demonstrate that the District "could have had no legitimate

reason for its decision." *Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227,

1234 (9th. Cir. 1994). If it is "at least fairly debatable" that the District's

conduct is rationally related to a legitimate governmental interest, there has

been no violation of substantive due process. *Id.* (internal quotations

omitted). In *Beechwood*, the plaintiff challenged the Defendant sewer

district's connection fees. *Beechwood*, 2005 WL 1950255 at *1.    In

dismissing the plaintiff's substantive due process claim, the court relied upon

the "multiple analyses performed . . . to determine appropriate rates for sewer

connection fees." *Id.* at *3.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 19



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

Similarly here, as discussed in Section 1.b, above, the record demonstrates a year-long process, including significant analysis and public comment, which led to the establishment of RS 17. Churchman Decl. ¶¶ 7.1–9.7, and referenced exhibits; ECF No. 37-6 ¶¶ 7.1–8.11, and referenced exhibits. In light of this process, Plaintiffs cannot establish that the Commission's establishment of RS 17 was arbitrary. Plaintiffs' substantive due process claim fails as a matter of law.

### c. Plaintiffs have no valid claim for damages or fees under 42 U.S.C. §§ 1983 and 1988.

In order to bring an action for damages under § 1983, Plaintiffs must prove a violation of a constitutional right.  42 U.S.C. § 1983. In particular, to recover damages under § 1983, a plaintiff must show: (1) some person deprived them of a federal constitutional or statutory right; and (2) that person acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff's § 1983 claims fail because, as discussed above, they are not entitled to relief under the dormant Commerce Clause or the Due Process Clause of the United States Constitution. Having no § 1983 claim, Plaintiffs are not entitled to attorney fees under § 1988. 42 U.S.C. § 1988.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 20



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

### 3.    The District has not violated the Washington Constitution.

Plaintiffs allege that Defendants have violated Washington State Constitution, Article I, Section 3, the State Due Process Clause, and Article I, Section 12, the State Privileges and Immunities Clause. ECF No. 1 ¶¶ 12.8, 13.5. Plaintiffs' claims are baseless because: (1) state law is clear that ratemaking is a legislative act to which state procedural due process does not attach; (2) the RS 17 rates are not arbitrary; and, (3) Plaintiffs have not identified a privilege or immunity recognized by Washington Courts.

> ### a.  Washington case law is clear that ratemaking is a legislative act to which state procedural due process does not attach.

The due process clause of the Washington State Constitution is coextensive with the due process clause of the United States Constitution. *Nielson v. Wash. State Dep't of Licensing*, 177 Wash. App. 45, 50 n.5 (2013). As discussed in Section 2.b.i above, procedural due process rights do not attach to legislative acts. Washington courts have consistently held that ratemaking is a legislative act. *See, e.g.*, *Earle*, 99 Wash.2d at 867 ("We have consistently held rate setting is a legislative act, even with respect to rate allocation and design.") (citing *Phinney Bay Water Dist. v. City of*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 21



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

*Bremerton*, 58 Wash.2d 298 (1961); *Faxe v. City of Grandview*, 48 Wash.2d 342 (1956)). Plaintiffs were not entitled under the Washington Constitution to notice and opportunity to be heard in the development of RS 17. *Earle*, 99 Wash.2d at 868.

Plaintiffs argue that the Commission's determination that the cryptocurrency industry is an evolving industry subject to RS-17 was a quasi-judicial act. ECF No. 25 at 32:9. However, the fact that "legislative acts may be subdivided into a series of adversarial contests, []does not make such acts quasi-judicial." *Earle*, 99 Wash.2d at 867 (citing *Harris v. Hornbaker*, 98 Wash.2d 650 (1983)). As the Washington Supreme Court recognized, if rate-setting was considered to be quasi-judicial, then every ratepayer would be entitled to notice and opportunity to be heard. *Id.* That would be a wholly impractical conclusion, which would hamper a public utility's ability to set rates.

### b. Plaintiffs have no substantive due process claim under the Washington Constitution.

Substantive due process protections under the Washington Due Process Clause are coextensive with those under due process clause of the Fourteenth Amendment of the United States Constitution. *Nielsen*, 177

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 22



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

Wash. App. at 52 n.5; *accord State of Wash. v. Shelton*, 194 Wash. App. 660, 666 (2016), *rev. denied*, 187 Wn.2d 1002 (2017) ("In analyzing a substantive due process challenge, our Supreme Court has held the Washington due process clause does not afford broader protection than the Fourteenth Amendment."). Plaintiffs' State substantive due process claim fails as a matter of law for the same reasons their federal substantive due process claims fails, as discussed in Section 2.b.iv above.

### c. The District has not violated the privileges and immunities clause of the Washington State Constitution.

Article I, Section 12 of the Washington Constitution provides that "[n]o law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations." Wash. Const. Art. I, § 12. To establish a violation of this clause, Plaintiffs must: (1) identify the applicable privilege or immunity; and, (2) establish that the legislature did not have a "reasonable ground" for granting that privilege or immunity. *Assoc. of Wash. Spirits & Wine Distribs. v. Wash. State Liquor Control Bd.* (*Liquor Control Bd.*), 182 Wash.2d 342, 359–60 (2015). Plaintiffs cannot satisfy either element of the claim.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 23



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

If there is no privilege or immunity involved, then the Washington State Constitution, Article I, Section 12 is not implicated. *Ockletree v. Franciscan Health Sys.*, 179 Wash.2d 769, 776 (2014) (citing *Grant Cty. Fire Prot. Dist. No. 5 v. City of Moses Lake*, 150 Wash.2d 791, 812 (2004)). Here, there is not. Plaintiffs claim that RS 17 "depriv[es] them of the right to reasonable cost-based power enjoyed by all other citizens of Grant County." ECF No. 1 ¶ 13.3. No Washington Court has recognized a privilege of "reasonable cost-based power." To the extent that Plaintiffs are asserting that they have been denied the privilege to "carry on a business" or the privilege of "nondiscriminatory rates," *see* ECF No. 25 at 33:17–19, neither of those "privileges" is implicated by the District's adoption of RS 17.

The "right to carry on a business" is implicated when a municipality grants an exemption from a law that confers a benefit to one or more businesses while denying that benefit to others in the same business. *Liquor Control Bd.*, 182 Wash.2d at 360 (citing *Ralph v. City of Wenatchee*, 34 Wash.2d 638, 641 (1949)). RS-17 provides no such exemption. *See* Churchman Decl. Ex. 6; ECF No 37-6, Ex. 9 at 111–14. It applies equally to the entire cryptocurrency industry. *Id.* Plaintiffs' argument that they are

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 24



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1   similarly situated to other District customers is equally unavailing. The

2   privileges and immunities clause is not "violated anytime the legislature

3   treats similarly situated businesses differently." *Ockletree*, 179 Wash.2d at

4   781 (exemptions granted to religious hospitals but not secular hospitals were

5   acceptable) (citing *Am.   Legion Post No. 149 v. Dep't of Health*, 164

6   Wash.2d 570, 607 (2008)).   The elected Commission concluded that it was

7   appropriate to treat the cryptocurrency industry different from other

8   industries based on its unique characteristics. Churchman Decl. Exs. 2–7;

9   ECF No. 37-6 ¶ 8.11; ECF No. 32-1 Ex. 3 at 10–17. Such treatment does not

10  violate the Privileges and Immunities Clause.

11      The purported right to "non-discriminatory rates" is similar to, but

12  distinct from the "right to carry on a business." As a threshold matter,

13  Washington courts has never recognized a right to "non-discriminatory rates"

14  exists. *See, e.g.*, *Geneva Water Corp. v. City of Bellingham*, 12 Wash. App.

15  856, 864 (1975); *Faxe*, 48 Wn.2d at 347–48.   Moreover, in both *Geneva*

16  *Water Corp.* and *Faxe,* the Washington Supreme Court held that even if a

17  "right to non-discriminatory rates" exists, plaintiffs must prove that the

18  classification was "manifestly arbitrary or unreasonable."   *Geneva Water*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 25



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Corp.* 12 Wash. App. at 864. As discussed, in Section 1.b above, the elected

Commission had reasonable grounds for adopting the challenged ratemaking

and did not act arbitrarily.

### 4.     Defendants have no claim for injunctive relief for an alleged violation of internal policies.

Plaintiffs claim that the District failed to follow its previous

resolution—specifically Resolution 8768—and that such failure gives rise to

declaratory and injunctive relief. ECF No. 1 ¶ 11.7.  First, the Commission is

an elected legislative body with the discretion to deviate from prior

resolutions when it deems necessary. *See generally* McQuillin: 12 The Law

of Municipal Corporations § 21:19 at 372 (3rd ed. 2017). (discussing how to

harmonize later and earlier ordinance and statutes).  Plaintiffs have cited no

authority allowing a reviewing court to enjoin an otherwise legal legislative

act simply because an elected body deviates from a prior resolution when

confronted with new and evolving challenges.  *Compare* ECF No. 25 at

29:1–8, *with* McQuillin § 21:19 at 372. Second, Resolution 8768 does not

purport to create any rights of action or impose any legal constraint on future

Commission action.  Churchman Decl. Ex. 1; ECF No. 32-1, Ex. 43 at 616–

17.

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 26



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

Third, Resolution No. 8768 provides for consideration of "other factors" and discretion in making rate decisions. Churchman Decl. Ex. 1; ECF No. 32-1, Ex. 43 at 616.  The introduction to the list of policies relied on by Plaintiffs itself states: "BE IT RESOLVED by the Commission of Public Utility District No. 2 of Grant County, Washington that *Grant PUD's [S]taff is hereby directed to prepare and present draft retail rate schedules* for the Commission's consideration in accordance with the following principles and objectives . . . ." Churchman Decl. Ex. 1; ECF No. 32-1, Ex. 43 at 617 (emphasis added). By its terms, the principles listed in the Resolution are guidance for District Staff in presenting drafts to the Commission, *not* limitations on the Commission. Churchman Decl. Ex. 1; ECF No. 32-1, Ex. 43 at 616–17.

In addition, RS 17 does not violate the principles of shared rate increases across rate classes or avoiding rate shock. RS 17 is not a rate increase; it is a new rate for a new class—the EI Class. Therefore, changing customers from one rate schedule to another does not violate Resolution 8768.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 27



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

**5.      Section 20 of the Federal Power Act does not apply.**

Plaintiffs' claim that section 20 of the Federal Power Act, 16 U.S.C. § 813, provides a basis for enjoining RS17 is unavailing.  *See* ECF No.1 ¶ 8.6. The Federal Power Act provides that rates for the sale in interstate commerce of power generated at a hydropower project licensed under the Federal Power Act "shall be reasonable, nondiscriminatory, and just to the customer and all unreasonable discriminatory and unjust rates or services are prohibited and declared to be unlawful."  16 U.S.C. § 813. However, the Federal Energy Regulatory Commission ("FERC"), the agency responsible for administering this statute, has correctly determined that this section of the Federal Power Act does not apply to the District. *Yakima Nation v. Pub. Util. Dist. No. 2 of Grant Cty., Wash.*, 2002 WL 31990298 at *4 (F.E.R.C. Nov. 21, 2002). In *Yakama Nation*, the Commission reviewed the history of sections 19 and 20 of the Federal Power Act, and their applicability to municipal utilities granted self-regulatory authority under state law, and concluded that because the District is a municipal entity to which the state has expressly granted self-regulatory authority, "Sections 19 and 20 do not apply to it."  *Id.*

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 28

100784



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Section 20 applies to power generated from a licensed project that enters interstate or foreign commerce. *New York Power Auth. v. Power Auth. of the State of New York*, Project No. 2000-036, 2003 WL 22422346 at *20 (F.E.R.C. Oct. 23, 2003). Accordingly, FERC has reasonably concluded that it has jurisdiction over the rates for the *interstate* sale of hydropower by a municipal licensee, where there is a disagreement between the directly concerned states. *Id.* *21 (finding authority under section 20 for FERC to address rate disputes between New York Power Authority ("NYPA") and municipal utility customers located in neighboring states receiving an allocation of NYPA project power, where there was no agreement between the state authorities). This limited jurisdiction under section 20 is not at issue. FERC relied upon the title itself. *Id.* at *20. Section 20 is entitled: "Power entering *into interstate commerce*; regulation of rates, charges, etc." 16 U.S.C. § 813 (emphasis added).  While courts have later held that sales within a state are in interstate commerce for Federal Power Act ("FPA") Part II purposes, in this 1920 language the reference to interstate commerce should be understood to involve sales between parties in different states, and that is how FERC has applied section 20. *See id.* at *21. The *NYPA* decision

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 29



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1  correctly confirmed that section 20 does not apply to the District in the

2  absence of a dispute between states. *Id.* Plaintiffs, therefore, are not entitled

3  to relief under section 20 of the Federal Power Act as a matter of law.

4

5                          **IV.    CONCLUSION**

6        For the reasons set forth above, Defendants respectfully request that

7  this Court grant their Motion for Summary Judgment, and render judgment in

8  favor of Defendants.

9

10       DATED this 8th day of May, 2019.

11
                                VAN NESS FELDMAN, LLP
12

13                              */s/ Dale N. Johnson*
                                Dale N. Johnson, WSBA #26629
14                              Malcolm C. McLellan, WSBA #23346
                                719 Second Avenue, Suite 1150
15                              Seattle, WA  98104
                                T: 206-623-9372
16                              F: 206-623-4986
                                E: dnj@vnf.com; mcm@vnf.com
17

18
                                *Attorneys for Defendants*
19

20

21

22

23

24

25

DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT - 30



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2019, I electronically filed the foregoing and the following documents with the Clerk of the Court using CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

- Defendants' Motion for Summary Judgment;
- Statement of Material Facts Not in Dispute;
- Declaration of Dale Johnson with Exhibit 1;
- Declaration of David Churchman with Exhibits 1-19;
- [Proposed] Order Granting Defendants' Motion for Summary Judgment.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington on this 8th day of May, 2019.

*/s/ Amanda C. Kleiss*
Declarant

CERTIFICATE OF SERVICE - 31



719 Second Avenue, Suite 1150
Seattle, WA 98104
(206) 623-9372

100784