FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 11, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLOCKTREE PROPERTIES, LLC, a Washington limited liability company; CORSAIR INVESTMENTS, WA, LLC, a Washington limited liability company; CYTLINE, LLC, a Delaware limited liability company; 509 MINE, LLC, a Washington limited liability company; MIM INVESTORS, LLC, a Washington limited liability company; MINERS UNITED, LLC, a Washington limited liability company; MARK VARGAS, an individual; WEHASH TECHNOLOGY, LLP, a Washington limited liability company; | NO: 2:18-CV-390-RMP ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT |

Plaintiff,

v.

PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON, a Washington municipal corporation; TERRY BREWER, individually and in his official capacity; BOB BERND, individually and in his official capacity; DALE WALKER, individually and in his official capacity; TOM FLINT, individually and in his official capacity; LARRY SCHAAPMAN, individually and in his official capacity; NELSON COX, individually and in his official capacity; JUDY WILSON, individually and in her official capacity; and DOES 1-10, managers and employees of Grant PUD, individually and in their official capacities;

Defendants.

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT ~ 1

1    BEFORE THE COURT is Plaintiffs' Motion to Defer Consideration of

2  Defendants' Motion for Summary Judgment under Rule 56(d), ECF No. 74.

3  Plaintiffs move to defer hearing Defendants' Motion for Summary Judgment until

4  discovery is completed. *Id.* A hearing on Defendants' Motion for Summary

5  Judgment is scheduled for June 27, 2019. ECF No. 65. Having considered the

6  briefing and the record, the Court is fully informed.

7                              **BACKGROUND**

8    Plaintiffs are several cryptocurrency miners with operations located in Grant

9  County, Washington. ECF No. 81 at 4–6. Defendants are Grant County Public

10  Utility District Number 2, its Commissioners, and some of its employees. *Id.* at 6–7.

11  Plaintiffs allege that Defendants violated Washington law, the Washington State

12  Constitution, Federal law, and the United States Constitution by adopting and

13  implementing Rate Schedule 17 ("RS-17"), which is an electrical rate that applies to

14  certain "evolving industries," and a priority queue system that places "evolving

15  industries" at the end of the electrical services application queue. *Id.* at 37–46.

16  Plaintiffs previously moved for a preliminary injunction enjoining the

17  implementation of RS-17 throughout this lawsuit, ECF No. 25, but the Court denied

18  Plaintiff's motion. *Blocktree Props., LLC v. Pub. Util. Dist. No. 2 of Grant Cty.,*

19  *Wash.*, No. 2:18-CV-390-RMP, 2019 WL 1429998 (E.D. Wash. Mar. 29, 2019).

20  Plaintiffs have appealed the Court's order denying their motion for preliminary

21  injunction to the Ninth Circuit, which is still pending. ECF Nos. 53–58.

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 2

1    Thereafter, Defendants filed a motion for summary judgment on all eight of

2    Plaintiffs' claims.  ECF No. 65.  Plaintiffs filed a response to Defendants' motion,

3    ECF No. 69, but also filed the present motion to defer ruling on Defendants' motion.

4    ECF No. 74.  Plaintiffs argue that they have not had a chance to conduct discovery

5    and that discovery will yield additional information pertinent to its claims against

6    Defendants.  *Id.*  Defendants argue that Plaintiffs already have received extensive

7    information regarding RS-17 and the evolving industries queue from Plaintiffs'

8    public records requests, and that any additional discovery will be futile.  ECF No.

9    79.  Pursuant to the Scheduling Order, the parties are permitted to seek discovery

10    until October 4, 2019.  ECF No. 39 at 4.  Dispositive motions, including motions for

11    summary judgment, must be filed by October 25, 2019.  *Id.* at 5.

12    **LEGAL STANDARD**

13    Under Federal Rule of Civil Procedure 56, "a party may file a motion for

14    summary judgment at any time until 30 days after the close of all discovery."  Fed.

15    R. Civ. P. 56(b).  However, "[i]f a nonmovant shows by affidavit or declaration that,

16    for specified reasons, it cannot present facts essential to justify its opposition, the

17    court may: (1) defer considering the motion or deny it; (2) allow time to obtain

18    affidavits or declarations or to take discovery; or (3) issue any other appropriate

19    order."  Fed. R. Civ. P. 56(d).  Summary judgment cannot be granted "where the

20    nonmoving party has not had the opportunity to discover information that is essential

21    to [its] opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986).

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 3

1    If the Rule 56(d) requirements are met, then the district court should defer ruling on

2    the motion for summary judgment. *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832,

3    846 (9th Cir. 2001). If summary judgment is filed "before a party has had any

4    realistic opportunity to pursue discovery relating to its theory of the case, district

5    courts should grant any Rule 56[(d)] motion fairly freely."[1] *Burlington N. Santa Fe*

6    *R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773

7    (9th Cir. 2003).

8         A district court should defer ruling on a motion for summary judgment when

9    "the party opposing summary judgment makes (a) a timely application which (b)

10   specifically identifies (c) relevant information, (d) where there is some basis for

11   believing that the information actually exists." *VISA Int'l Serv. Ass'n v. Bankcard*

12   *Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). Deferral is especially

13   appropriate where the material sought is the subject of outstanding discovery

14   requests. *Id.* However, a Rule 56(d) motion may be denied when the party seeking

15   deferral has not diligently sought discovery or additional discovery would be futile

16   or irrelevant to the dispute. *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th

17   Cir. 2002); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436 (9th Cir.

18

19

20   [1] Current Rule 56(d) was previously codified at Rule 56(f) before the rule was
     reorganized by the 2010 Amendment. Fed. R. Civ. P. 56 advisory committee's

21   note to 2010 amendment.

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 4

1   1995).  Ultimately, the district court's decision on a Rule 56(d) motion is within the

2   district court's discretion.  *Burlington N.*, 323 F.3d at 773.

3                                    **DISCUSSION**

4          The only requirement before the Court may consider deferring a ruling on a

5   parties' summary judgment motion is that the nonmovant "shows by affidavit or

6   declaration that, for specified reasons, it cannot present facts essential to justify its

7   opposition." Fed. R. Civ. P. 56(d).  Plaintiffs filed a declaration in support of their

8   motion explaining that they have not yet begun discovery in this case.  ECF No. 74-

9   2.  However, Plaintiffs state that they have received some  documents from

10  preliminary public records requests, and are set to receive more on June 21, 2019,

11  just six days before the parties are set to argue Defendants' summary judgment

12  motion.  *Id.* at 2.  They also identified several areas in which further discovery must

13  be conducted in order to fully support their claims against Defendants.  *Id.* at 3.  The

14  Court finds that Plaintiffs have met Rule 56(d)'s prerequisite of showing, by

15  declaration, specified reasons that they cannot present facts essential to justifying

16  their opposition to Defendants' summary judgment motion.  Fed. R. Civ. P. 56(d).

17         Because Plaintiffs have met the only Rule 56(d) requirement, the Court

18  considers the *VISA* factors to determine whether it should grant Plaintiffs' motion,

19  which are "(a) a timely application which (b) specifically identifies (c) relevant

20  information, (d) where there is some basis for believing that the information actually

21  exists," and, additionally, whether "the material sought is also the subject of

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 5

1    outstanding discovery requests." *VISA*, 784 F.2d at 1475.  As to the first factor,

2    Plaintiffs' motion is timely, as it is made before the Court heard the summary

3    judgment motion.  ECF No. 74 at 6.  The first *VISA* factor favors granting Plaintiffs'

4    motion.

5        The second *VISA* factor is that the information sought by the party opposing

6    summary judgment is specifically identified.  *VISA*, 784 F.2d at 1475.  Plaintiffs'

7    motion specifically identifies several areas that Plaintiffs want to explore before the

8    close of discovery.  ECF No. 74-2.  They state that they want to conduct discovery

9    on Defendants' cost-of-service model; the actual load on Defendants' power grid

10   caused by cryptocurrency miners; the effects of the evolving industry queue;

11   damages suffered by Defendants as a result of cryptocurrency miners, if any; any

12   discriminatory motives Defendants might have fostered against cryptocurrency

13   miners; the decision-making process that classified cryptocurrency miners as an

14   evolving industry; or any alternatives to RS-17 considered by Defendants before

15   implementing RS-17; among other topics.  *Id.*  The Court finds that Plaintiffs have

16   specifically identified the information that it seeks, so the second *VISA* factor favors

17   granting Plaintiffs' motion.

18       The third *VISA* factor is that the information sought by the nonmovant is

19   relevant to the summary judgment motion.  *VISA*, 784 F.2d at 1475.  Defendants

20   argue that the information sought by Plaintiffs is irrelevant because the facts are

21   undisputed, and Plaintiffs' claims only present the Court with questions of law.  ECF

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 6

1    No. 79 at 6.  However, Defendants' arguments ignore the standards by which the

2    Court must scrutinize RS-17.  For example, regarding Plaintiffs' claim that RS-17 is

3    arbitrary and capricious under Washington's utility ratemaking laws, an action is

4    arbitrary and capricious when it is "willful and unreasoning and taken without regard

5    to the attending facts or circumstances."  *Hillis v. State Dep't of Ecology*, 932 P.2d

6    139, 144 (Wash. 1997).  Further, an action is arbitrary and capricious when "there is

7    no support in the record for the action."  *Dorsten v. Port of Skagit Cty.*, 650 P.2d

8    220, 224 (Wash. Ct. App. 1982).  While these two cases only apply to one of

9    Plaintiffs' eight claims, they show that further discovery must be conducted in order

10   for Plaintiffs to prove their allegations against Defendants.  *Burlington N.*, 323 F.3d

11   at 773 (holding that a Rule 56(d) motion should be granted if a party has not had a

12   "realistic opportunity to pursue discovery relating to its theory of the case").  The

13   Court finds that the third *VISA* factor favors granting Plaintiffs' motion.

14       The fourth *VISA* factor is that there is some basis for believing that the

15   information sought actually exists.  *VISA*, 784 F.2d at 1475.  While it may be

16   difficult to predict what is or is not available in discovery, Plaintiffs already possess

17   evidence from their public records request that indicate that further information is

18   available on certain topics.  For example, Plaintiffs attest by declaration that they

19   have reason to believe that the assumptions upon which RS-17 was created are

20   incorrect based on certain documents received from public records requests, but that

21   they need to conduct more discovery into these assumptions to oppose Defendants'

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION
OF MOTION FOR SUMMARY JUDGMENT ~ 7

summary judgment motion. ECF No. 74-2 at 6–7. Additionally, Plaintiffs attest that they have not had a chance to conduct discovery on the evolving industries queue system, which is discovery that exists because the queue system was in fact created and adopted. *Id.* at 7–8. The Court finds that the fourth *VISA* factor favors granting Plaintiffs' motion.

The fifth *VISA* factor is that the discovery sought by Plaintiffs is the subject of pending discovery requests. *VISA*, 784 F.2d at 1475. Defendants argue that this factor weighs against deferring a ruling on the summary judgment motion because Plaintiffs have not diligently engaged in discovery. ECF No. 79 at 8. By Plaintiffs' own admission, Plaintiffs have not yet conducted any formal discovery in this case. ECF No. 74 at 2. However, Plaintiffs have received information from their public records requests, which are still ongoing. ECF No. 74-2 at 2–3. Plaintiffs are set to receive more documents on June 21, 2019, from their pending public records requests, which is only six days before the Court would hear arguments on Defendants' motion for summary judgment. *Id.* at 12. Therefore, while Plaintiffs have not engaged in formal discovery, they have been diligent in seeking information to litigate their claims against Defendants.

At the same time, the public records requests are not the same as discovery. Washington's Public Records Act orders government entities to provide documents upon request but may deny furnishing documents that meet certain exemptions under the act. *See* Wash. Rev. Code § 42.56. Federal rules regarding discovery, on

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT ~ 8

the other hand, allow parties to obtain "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Because Rule 26 recognizes fewer exemptions, its scope is much broader than Washington's Public Records Act. The Court finds that it would be improper to consider Defendants' motion for summary judgment before allowing Plaintiffs to seek discovery on the facts of their claims, and that Plaintiffs' public records requests are not substitutes for discovery. The Court finds that the fifth *VISA* factor favors granting Plaintiffs' motion, and the Court will grant their motion.[2]

Accordingly, **IT IS HEREBY ORDERED**:

1.      Plaintiffs' Motion to Defer Consideration of Defendants' Motion for Summary Judgment under Rule 56(d), **ECF No. 74**, is **GRANTED**.

2.      Hearing on Defendant's Motion for Summary Judgment set for **June 27, 2019**, is **STRICKEN**.

---

[2] Plaintiffs also argued that this court should defer hearing Defendants' Motion for Summary Judgment because of its pending appeal of the denial of the preliminary injunction to the Ninth Circuit. ECF No. 74 at 2. However, the Court has not entered a stay pending Plaintiffs' appeal, and Plaintiffs have not asked for one. *See Washington v. Trump*, 847 F.3d 1151, 1164 (9th Cir. 2017) (holding that a party must move for a stay pending an appeal and show certain factors before a court can grant a stay). The district court proceedings are not automatically stayed because a party initiates an interlocutory appeal; the party must move for the stay, and the Court must grant the stay in an exercise of judicial discretion. *Id.* Therefore, the Court did not consider Plaintiffs' pending appeal when ruling on the present motion.

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT ~ 9

3.      Defendants' Motion for Summary Judgment, **ECF No. 65**, is **DENIED** with leave to renew.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 11, 2019.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION TO DEFER CONSIDERATION OF MOTION FOR SUMMARY JUDGMENT ~ 10