FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 02, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BLOCKTREE PROPERTIES, LLC, a Washington limited liability company; CORSAIR INVESTMENTS, WA, LLC, a Washington limited liability company; CYTLINE, LLC, a Delaware limited liability company; 509 MINE, LLC, a Washington limited liability company; MIM INVESTORS, LLC, a Washington limited liability company; MINERS UNITED, LLC, a Washington limited liability company; MARK VARGAS, an individual; WEHASH TECHNOLOGY, LLP, a Washington limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY WASHINGTON, a Washington municipal corporation; TERRY BREWER, individually and in his official capacity; BOB BERND, individually and in his official capacity; DALE WALKER, individually and in his official capacity; TOM FLINT, individually and in his official capacity; LARRY SCHAAPMAN, individually and in his official capacity; DOES 1-10, managers and employees of Grant PUD, individually and in their official capacities,<br><br>Defendants. | NO: 2:18-CV-390-RMP<br><br>STIPULATED PROTECTIVE ORDER |

STIPULATED PROTECTIVE ORDER ~ 1

BEFORE THE COURT is the parties' Stipulated Motion for a Protective Order, ECF No. 93. A district court can enter a protective order upon a showing of good cause. Fed. R. Civ. P. 26(c). Having reviewed the proposed order and the remaining record, the Court finds that good cause exists to enter the parties' proposed Protective Order. Accordingly, **IT IS HEREBY ORDERED** that the parties' Stipulated Motion for a Protective Order, **ECF No. 93**, is **GRANTED**. The protective order is set forth below.

## PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with Fed. R. Civ. P. 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

### 2. "CONFIDENTIAL" MATERIAL

Any party to this litigation shall have the right to designate Discovery Materials as "Confidential Information" or "Confidential Customer Information"

pursuant to this Stipulated Protective Order, and materials designated as such will be referred to as such. Materials marked "Confidential Information" or "Confidential Customer Information" shall be those Discovery Materials, including any document, file, portion of file, transcribed testimony, or other material, that the designating party in good faith reasonably believes to comprise non-public, proprietary or confidential information of the designating party. All confidential material will retain the label "Confidential Information" or "Confidential Customer Information."

"Confidential Customer Information" shall include the following documents and tangible things produced or otherwise exchanged: (i) Public Utility District No. 2 of Grant County, Washington's (the "District") customer email addresses and phone numbers; (ii) load projections, inquiries, requests, or negotiations regarding service from data centers, entities referred to as data centers, customers running server technology, or other similarly situated customers; and, (iii) customer payments for facilities' cost contribution.

"Confidential Information" shall include: (i) the personal email address, phone number, Social Security number, or other personally identifiable information of any individual; (ii) the non-public financial information, business projections, sales/marketing plans, and customer/supplier information of any Plaintiff; and (iii) any information constituting a trade secret of any Plaintiff.

//

//

3.    SCOPE

This agreement protects (1) Confidential Information and Confidential Customer Information (as defined above, together referred to as "Confidential Material"); (2) any information copied or extracted from Confidential Material; (3) all copies, excerpts, summaries, or compilations of Confidential Material; and (4) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial, through voluntary waiver, or otherwise, except as the result of inadvertent or unauthorized release of Confidential Material.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles.  A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this agreement.  Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   _Disclosure of Confidential Material or Items_.  Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may only disclose Confidential Material to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for "Attorney's Eyes Only" and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the Court, court personnel, and court reporters and their staff

(e)   opy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential Material to third parties and to immediately return all originals and copies of any Confidential Material;

(f)   during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and

Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court; pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

4.3     <u>Filing Confidential Material</u>.  Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue in the Confidential Material, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.

5.     <u>DESIGNATING CONFIDENTIAL MATERIAL</u>

5.1     <u>Exercise of Restraint and Care in Designating Confidential Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The designating

party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form</u>: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the phrase "Confidential Customer Information" or "Confidential Information" to each page

that contains Confidential Material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     Testimony given in deposition or in other pretrial proceedings: The parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within twenty (20) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential.  Until the expiration of the 20-day period within which such designations may be made, any part of the deposition not already designated shall be treated as Confidential Material and subject to protection as provided by this Order.  At the expiration of the 20-day period, only such designated transcript portions and exhibits shall be considered Confidential Material. If a party or non-party desires to protect Confidential Material at trial, the issue should be addressed during the pre-trial conference.

(c)     Other tangible items:  The producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the phrase "Confidential Information" or "Confidential Customer Information." If only a portion or portions of the information or item

warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If any party inadvertently produces or discloses any Confidential Material without marking it "Confidential Customer Information" or "Confidential Information," that party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall promptly provide the receiving party with appropriately marked replacements.  Within five (5) business days of the receipt of the marked replacements, if the designating party so requests, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality unless such designation is not made within sixty (60) days of the inadvertent production or disclosure by the party making the inadvertent disclosure.  However, no party shall be required to treat any unmarked information as Confidential Material unless it is so marked or until receiving notice that the information is to be designated as "Confidential Customer Information" or "Confidential Information."

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or

delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement.  Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action.  The certification must list the date, manner, and participants to the conference.  A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention.  If the parties cannot resolve a challenge without Court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7.  The burden of persuasion in any such motion shall be on the designating party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

//

//

7.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u>
    <u>IN OTHER LITIGATION</u>

If a party is served with a subpoena, a court order issued in other litigation, or a request under the Washington Public Records Act (RCW Chapter 42.56) that may compel disclosure of any information or items designated in this action as "Confidential Information" or "Confidential Customer Information," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena, court order, or Public Records Act request;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation, or that submitted the Public Records Act request, that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

8.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to

whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

10.   NON-TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such materials contain Confidential Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

11.  MODIFICATION AND NON-WAIVER

This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions in this Protective Order.

This Protective Order may be modified by further order of the Court, for good cause shown.  The burden of persuasion for modifying this Protective Order shall rest with the party seeking the modification.

Neither the provisions of this Protective Order nor any disclosure by any party pursuant to this Protective Order, shall constitute a waiver, at any time or in any other litigation, of any objection as to attorney-client or work-product privilege, relevance, overbreadth, burdensomeness, or any other grounds for not producing material called for, and access to such materials shall only be as provided by applicable discovery rules and law.

Nothing herein shall preclude a producing entity from using her, his or its own confidential information, documents, or materials in any manner she, he or it sees fit,

1  or from revealing such information, documents or materials to whomever she, he or

2  it chooses.

3      **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

4  Order and provide copies to counsel.

5      **DATED** August 2, 2019.

6

7                              *s/ Rosanna Malouf Peterson*
                            ROSANNA MALOUF PETERSON
                               United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21