**NOT FOR PUBLICATION**

FILED

MAR 11 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYTLINE, LLC, a Delaware limited liability company; et al., <br><br> Plaintiffs-Appellants, <br><br> and <br><br> CORSAIR INVESTMENTS WA, LLC, a Washington limited liabiity company; TELCO 214 WHOLESALE SOFTWARE, INC., a Washington corporation, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, WASHINGTON, a Washington municipal corporation; et al., <br><br> Defendants-Appellees. | No. 20-35324 <br><br> D.C. No. 2:18-cv-00390-RMP <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted March 3, 2021

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: RAWLINSON and BYBEE, Circuit Judges, and ENGLAND,[**] District Judge.

Appellants (collectively, Cytline) appeal the district court's grant of Public Utility District # 2's motion for summary judgment. Cytline challenges RS-17, a new electricity rate class implemented by the Grant County Public Utility District (Grant PUD). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *L.F. v. Lake Wash. Sch. Dist. # 414*, 947 F.3d 621, 625 (9th Cir. 2020). We affirm.

1. RS-17 does not violate the Dormant Commerce Clause. A state law violates the Dormant Commerce Clause where it discriminates against out-of-state entities in purpose or actual effect or where it excessively burdens interstate commerce. *See Rocky Mountain Farmers Union v. Corey*, 730 F.3d 1070, 1087–88 (9th Cir. 2013). RS-17 does not demonstrate intent to discriminate against interstate commerce because it was enacted to address a sudden influx in cryptocurrency requests for electricity. The rate also does not have a discriminatory effect on interstate commerce because the electricity is only provided to operations physically located in Grant County. *Cf. New England*

---

[**] The Honorable Morrison C. England, Jr., Senior United States District Judge for the Eastern District of California, sitting by designation.

2

*Power Co. v. New Hampshire*, 455 U.S. 331, 339 (1982). Finally, RS-17 does not unduly burden interstate commerce merely because it affects businesses that engage in interstate commerce or reduces profitability. *See Great Atl. & Pac. Tea Co. v. Cottrell*, 424 U.S. 366, 371 (1976); *see also Exxon Corp. v. Maryland*, 437 U.S. 117, 127 (1978).

    2. RS-17 does not violate substantive due process. Substantive due process protects only interests recognized by the Constitution. *See Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). Cytline's claimed interests in its current profitability, investments in Grant county, a nonarbitrary rate, and money generally are not constitutionally protected interests. *See Phillips v. Washington Legal Foundation*, 524 U.S. 156, 164 (1998) (finding only that Texas law recognized the principal in a client trust account as a property interest); *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 131 (1978) ("[D]iminution in property value, standing alone," does not establish a taking.). Nor has RS-17 infringed on Cytline's ability to use its property for a particular purpose or to engage in its chosen occupation. Moreover, the constitutional prohibition against non-confiscatory rates applies only to public utilities subject to regulation, not consumers. *See Duquesne Light Co. v. Barasch*, 488 U.S. 299, 307 (1989); *In re Permian Basin Area Rate Cases*, 390 U.S. 747, 769–70 (1968).

      3. Adoption of RS-17 did not violate procedural due process. Procedural due process is violated where a plaintiff has been (1) deprived of a protected property interest and (2) denied "adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Protected property interests may be created by state law. *See Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Cytline has established a property interest recognized by Washington law. Although Wash. Rev. Code § 54.24.080 does not create a property interest in non-arbitrary rates, *see Snohomish Cnty. PUD No. 1 v. Broadview Television Co.*, 586 P.2d 851, 854 (Wash. 1978) (en banc), the district court erred in finding that Cytline has *no* protected interest in a non-arbitrary rate. Customers of public utilities in Washington have a due process right to non-arbitrary rates, even though they do not have a right of participation in ratemaking proceedings, which are not subject to procedural due process. *See Earle M. Jorgensen Co. v. City of Seattle*, 665 P.2d 1328, 1332 (Wash. 1983) (en banc); *see also Prentis v. Atl. Coast Line Co.*, 211 U.S. 210, 226 (1908) (holding that ratemaking is a legislative act not subject to procedural due process). However, Cytline was afforded sufficient process here, including notice, eleven public hearings, opportunities to comment, and meetings with Grant PUD staff. *Jorgensen*, 655 P.2d at 1333 (Adequate "procedural safeguards may be provided

by the administrative body.").[1]

4. Section 20 of the Federal Power Act does not create a private right of action for Cytline to challenge RS-17. Section 20, 16 U.S.C. § 813, requires that rates charged by federal licensees be "reasonable, nondiscriminatory, and just to the customer." A statute implicitly creates a private right of action where it creates both a private right and a private remedy. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Section 20 does not create a private right because it focuses on the enforcement jurisdiction of the Federal Energy Regulatory Commission (FERC) and regulated entities, not consumers. *See UFCW Local 1500 Pension Fund v. Mayer*, 895 F.3d 695, 699 (9th Cir. 2018). Section 20 also creates no private remedy because it is part of an express remedial scheme that includes a mechanism for consumers to trigger FERC's enforcement authority. 16 U.S.C. §§ 812–813; *Mayer*, 895 F.3d at 699. The only remedy created by Section 20 is for regulated entities, not consumers. 16 U.S.C. § 813.[2]

**AFFIRMED.**

---

[1] Because Cytline only raised its argument that RS-17 is void for vagueness as a Washington state law claim over which the district court declined to exercise jurisdiction, we do not address it on appeal. *See Dodd v. Hood River Cnty.*, 59 F.3d 852, 863–64 (9th Cir. 1995).

[2] Nor does 28 U.S.C. § 1331 "independently grant[]" us jurisdiction. Cytline conflates a private right of action with subject matter jurisdiction. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642–43 (2002).